UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

YIDA GAO and SHIMA CAPITAL
MANAGEMENT LLC,

Defendants.

C.A. No. __-____

**CONSENT OF DEFENDANT SHIMA CAPITAL MANAGEMENT LLC**

1.    Defendant Shima Capital Management LLC ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

a.    permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; and Section 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b–6] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]; and

       b.     requires certain undertakings described herein.

3.     Defendant acknowledges that the Court is not imposing a civil penalty. Defendant consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

4.     Defendant agrees to undertake the following:

       a.     Within sixty (60) days of entry of the Final Judgment, Defendant shall complete all remaining steps necessary to initiate dissolution of Shima Capital A LLC, Shima Capital QP LLC, and Shima Capital Blocker LLC (collectively, "Shima Capital Fund I"), pursuant to Article X of those entities' respective limited liability company agreements (collectively, the "LLC Agreements"), and to designate as a voluntary Liquidating Trustee

(as defined in the LLC Agreements) of Shima Capital Fund I a registered investment adviser not unacceptable to the Commission staff, which registered investment adviser shall remain Liquidating Trustee until dissolution of Shima Capital Fund I is complete;

b.   Defendant shall not accept any management fees or any other form of compensation from Shima Capital Fund I following designation of the Liquidating Trustee, except that: (i) individual employees of Defendant may be compensated by the Liquidating Trustee for activities related to dissolution of Shima Capital Fund I; but that (ii) Yida Gao shall not be considered an "employee" for purposes of this provision and shall receive no compensation from the Liquidating Trustee notwithstanding his expected assistance with these activities;

c.   Defendant shall not solicit new investments for Shima Capital Fund I or any other investment vehicle;

d.   Within sixty (60) days of the entry of this Order, Defendant shall, in coordination with the designated Liquidating Trustee described in Paragraph 4.a, provide a copy of this Order to all Shima Capital Fund I investors, by mail, electronic mail, or such other method not unacceptable to the Commission staff;

e.   Within seventy-five (75) days of entry of the Final Judgment, an officer or director of Defendant shall certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a

narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence;

f.   Defendant shall submit the certification and supporting materials to: Celia D. Moore, Assistant Regional Director, Division of Enforcement, Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd Floor, Boston, MA 02110, with a copy to the Office of Chief Counsel of the Division of Enforcement; and

g.   For good cause shown, and solely at the discretion of the Commission staff, the Commission staff may extend any of the procedural dates relating to the undertakings. Deadlines for procedural dates shall be counted in calendar days, except that if the last day falls on a weekend or federal holiday, the next business day shall be considered to be the last day.

5.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that it shall not be permitted to contest the factual allegations of

the complaint in this action.

12.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the

complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendant does not deny the

allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely

for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this

agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _Aug 31, 2025_

Shima Capital Management LLC

By: _____
Yida Gao
Managing Director

On _August 31st_, 2025, Yida Gao, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Shima Capital Management LLC as its Managing Director.

_____
Notary Public
Commission expires: April 13, 2026

┌─────────────────────────────┐
│      Notary Public          │
│    Dacie P. Holcomb         │
│   Paulding County, GA       │
│     Exp. April 13, 2026     │
└─────────────────────────────┘

Approved as to form:

Signed by:
Miles Ehrlich
468DDCC1AB89469...
Miles Ehrlich
Attorney for Defendant