UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

YIDA GAO and SHIMA CAPITAL
MANAGEMENT LLC,

Defendants.

C.A. No.25-cv-10200

**JUDGMENT AS TO DEFENDANT SHIMA CAPITAL MANAGEMENT LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Shima Capital Management LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company; or

(C) Defendant's qualifications to advise investors.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company; or

(C) Defendant's qualifications to advise investors.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act and Rule 206(4)-8(a) [15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-8(a)],

while acting as an investment adviser to a pooled investment vehicle, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly to:

(a) make any untrue statement of a material fact and/or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any investor or prospective investor in a pooled investment vehicle, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor in a pooled investment vehicle, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company; or

(C) Defendant's qualifications to advise investors.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Court is not ordering Defendant to pay a civil penalty. If at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, Defendant's Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings listed in Paragraph 4 of the Consent, whereby Defendant consents to undertake the following:

    a.    Within sixty (60) days of entry of the Final Judgment, Defendant shall complete

all remaining steps necessary to initiate dissolution of Shima Capital A LLC, Shima Capital QP LLC, and Shima Capital Blocker LLC (collectively, "Shima Capital Fund I"), pursuant to Article X of those entities' respective limited liability company agreements (collectively, the "LLC Agreements"), and to designate as a voluntary Liquidating Trustee (as defined in the LLC Agreements) of Shima Capital Fund I a registered investment adviser not unacceptable to the Commission staff, which registered investment adviser shall remain Liquidating Trustee until dissolution of Shima Capital Fund I is complete;

b. Defendant shall not accept any management fees or any other form of compensation from Shima Capital Fund I following designation of the Liquidating Trustee, except that: (i) individual employees of Defendant may be compensated by the Liquidating Trustee for activities related to dissolution of Shima Capital Fund I; but that (ii) Yida Gao shall not be considered an "employee" for purposes of this provision and shall receive no compensation from the Liquidating Trustee notwithstanding his expected assistance with these activities;

c. Defendant shall not solicit new investments for Shima Capital Fund I or any other investment vehicle;

d. Within sixty (60) days of the entry of this Order, Defendant shall, in coordination with the designated Liquidating Trustee described in Paragraph 4.a of Defendant's Consent, provide a copy of this Order to all Shima Capital Fund I investors, by mail, electronic mail, or such other method not unacceptable to the Commission staff;

e. Within seventy-five (75) days of entry of the Final Judgment, an officer or director of Defendant shall certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence;

f. Defendant shall submit the certification and supporting materials to: Celia D. Moore, Assistant Regional Director, Division of Enforcement, Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd Floor, Boston, MA 02110, with a copy to the Office of Chief Counsel of the Division of Enforcement; and

g. For good cause shown, and solely at the discretion of the Commission staff, the Commission staff may extend any of the procedural dates relating to the undertakings. Deadlines for procedural dates shall be counted in calendar days, except that if the last day falls on a weekend or federal holiday, the next business day shall be considered to be the last day.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE